# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| INTERAMERICAN QUALITY FOODS, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § | Civil Action No. SA-09-CV-0473-XR |
| PARROT ICE DRINK PRODUCTS OF AMERICA, LTD., *et al*, | § § § § | |
| *Defendants*. | § § | |

## ORDER ON MOTION TO STRIKE JURY DEMAND

On this date, the Court considered Plaintiff Interamerican Quality Foods, Inc.'s ("Plaintiff") Memorandum and Brief in Opposition to the Defendants' Demand for Jury Trial. (Docket Entry No. 11.) The deadline having passed for Defendant to file a response to Plaintiff's motion, *see* W.D. Tex. L.R. CV-7(d), and having reviewed the evidence available in the record, the Court DENIES Plaintiff's motion to strike the jury demand.

### Background

Plaintiff filed its Original Complaint on June 11, 2009 (Docket Entry No. 1), and subsequently filed its Amended Complaint on June 18, 2009 (Docket Entry No. 4), requesting this Court to enter and enforce a reparation order issued under 7 U.S.C. § 499(a)–(s), involving transactions of perishable agricultural commodities.

### Procedural History

In both Plaintiff's Original and Amended Complaint, Plaintiff specifically delineated its desire to avoid a jury trial, declaring in capital letters: "No jury trial is requested." (Compl. 4; Am. Compl. 4.) Plaintiff served Defendants with the Original Complaint on June 15, 2009. (Mot. ¶ 2

[Docket Entry No. 11].) Defendant was further served with the Amended Complaint on June 18, 2009. (*Id.*). Defendants filed their answer on July 21, 2009, which included a paragraph requesting a jury trial. (Answer [Docket Entry No. 9].) Pursuant to FED. R. CIV. P. 12(a)(i), Defendants' answer deadline would have been July 8, 2009, twenty days after service had been perfected. Defendants filed their answer on July 21, 2009, thirteen days past the deadline.

## Legal Standard on Jury Demand

Federal Rule of Civil Procedure 38 controls jury demands, and states in pertinent part:

> On any issue triable by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 10 days after the last pleading directed to the issue is served . . .

FED. R. CIV. P. 38(b)(1). Thus, the only requirement a party must meet to trigger the right to a jury trial is to include a demand for a jury trial within ten days after the last pleading directed to the issue (which has been defined as any of the pleadings listed in Federal Rule of Civil Procedure 7(a), such as a complaint, an answer, an answer to a counterclaim, an answer to a cross-claim, a third-party complaint or an answer to a third-party complaint). *See McAfee v. Martin*, 63 F.3d 436, 437 (5th Cir. 1995); *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995).

## Analysis

Plaintiff contends that since Defendants' answer was filed beyond the deadline to provide the answer, the included jury demand was untimely and Defendants have waived their right to jury trial. (Mot. 2.) Defendants' Original Answer included a specific jury demand. (Answer 5). Thus, the only real issue here is if Defendants' Original Answer included a timely jury demand.

Although the Defendants' Answer was filed after the July 5, 2009 deadline, Plaintiff

concedes that the late filing was pursuant to a mutual agreement between the parties. (Mot. 2.) Plaintiff states: "Respondent's answer was filed after the July 5, 2009 answer date through mutual agreement of the parties." (*Id.*) This agreement effectively tolled the deadline for Defendants to file their jury demand. *See* FED. R. CIV. P. 38(b)(1); FED. R. CIV. P. 7(a); *Dasho v. Susquehana Corp.*, 461 F.2d 11, 22 (7th Cir. 1970) ("By permitting the reply to be filed [after the deadline] the trial court effectively extended the time for filing the 'last pleading,' and thus the time in which to demand a jury."), *cert. denied*, 408 U.S. 925 (1972). The right to a jury trial is a fundamental right, and courts should "indulge every reasonable presumption against waiver." *McAfee*, 63 F.3d at 437 (*quoting Bowles v. Bennet*, 629 F.2d 1092, 1095 (5th Cir. 1980) (*quoting Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937))). Since the jury demand was included within Defendants' Answer, which itself was filed on a date by agreement of the parties, it was timely. Therefore, there is no reason to find that Defendants waived their right to a jury trial.

**Conclusion**

Based upon the foregoing analysis, Plaintiff's Motion to Strike the Jury Demand is hereby DENIED.

It is so ORDERED.

SIGNED this 17th day of September, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE