# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| INTERAMERICAN QUALITY FOODS, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No.  SA-09-CV-473-XR |
| PARROT ICE DRINK PRODUCTS OF AMERICA, LTD., GREG A. JOHNSON, and GREGORY B. MALLOCH, | § § § § § | |
| *Defendants*. | § | |

## ORDER ON MOTION TO TRANSFER VENUE

On this day, the Court considered Plaintiff's Motion to Transfer Venue (Docket Entry No. 16).  Defendants' counsel has notified the Court that the motion is unopposed.  Having considered Plaintiff's motion and taking note of Defendants' position, Plaintiff's motion is GRANTED.

### Legal Standard

Pursuant to 28 U.S.C. § 1404(a):  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  A district court has broad discretion in deciding whether to order a transfer so long as it is within the limitations of the text of the statute, the precedents of the Supreme Court, and of the Fifth Circuit Court of Appeals.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008).

In a recent opinion, this Court, the Honorable Sam Sparks presiding, summarized the standard for transfer.

> The preliminary question under § 1404(a) is whether a civil action "might have been brought" in the destination venue. [*In re Volkswagen of Am. Inc.*, 545 F.3d at 312]. After

determining the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1974). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) . . . (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). The public interest factors include (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* Although these private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen* [*of Am., Inc.*], 545 F.3d at 314–15.

*Robinson v. Hillcrest Baptist Med. Ctr.*, No. A-09-CA-640-SS, 2009 WL 4639901, at \*2 (W.D. Tex. Nov. 30, 2009).

A plaintiff, like a defendant, may seek a transfer for the convenience of the parties and in the interest of justice. *See Farmer Bros. Co. v. Coca-Cola Co., Inc.*, 366 F. Supp. 725, 726 (S.D. Tex. 1973). "In order to prevail, a plaintiff must show that circumstances have changed since the filing of suit." *Moto Photo, Inc. v. K.J. Broadhurst Enterps., Inc.*, No. 301CV2282-L, 2003 WL 298799, at \*3 (N.D. Tex. Feb. 10, 2003).

**Analysis**

Here, Plaintiff Interamerican Quality Foods, Inc., ("IQF") has filed a motion to transfer venue. IQF filed suit in this Court against Defendants Parrot Ice Drink Products of America, Ltd. ("Parrot Ice"), Greg A. Johnson, and Gregory B. Malloch pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 7. Pursuant to 28 U.S.C. § 1391, venue is proper in:

[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

2

part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Defendant Parrot Ice is a Texas limited partnership and can be served through its managing partner, Greg A. Johnson, in Houston, Texas. Defendants Johnson and Malloch are residents of Texas and can be served in Houston, Texas. IQF could have brought this suit in the Southern District of Texas since the Defendants are all residents of Texas and at least one is a resident in the Southern District of Texas. *See* 28 U.S.C. 1391(b)(1).

Circumstances have changed since IQF filed this suit in the Western District of Texas on June 11, 2009. On August 4, 2009, Parrot Ice filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, initiating the bankruptcy case now pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Case No. 09-35740. IQF contends that this proceeding is a core proceeding pursuant to Title 28 of the United States Code section 157(b)(2)(B) and (O) or, in the alternative, a related proceeding pursuant to Title 28 of the United States Code section 157(c). In accordance with the factors evaluated by the Court in considering whether to transfer a case, IQF states that all the parties have been actively involved in the bankruptcy case, the bankruptcy court is not inconvenient for any witnesses called by the parties, and that an ultimate transfer to the bankruptcy court would avoid the necessity of a second judicial determination. The transfer meets the requirements of section 1404(a), and Defendants do not oppose this transfer.

## Conclusion

In accordance with 28 U.S.C. § 1404(a), Plaintiff's motion is GRANTED and this matter is TRANSFERRED to the United States District Court for the Southern District of Texas, Houston

Division, where it may be referred to the United States Bankruptcy Court for the Southern District

of Texas, Houston Division, in accordance with its local rules and procedures.

It is so ORDERED.

SIGNED this 25th day of January, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE